**FILED**

July 28, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TEWELDE DESTA REDA, | § | |
| Petitioner, | § | |
| v. | § | **CIVIL NO. SA-26-CV-4498-OLG** |
| BOBBY THOMPSON *et al.*, | § | |
| Respondents. | § | |

## O R D E R

Pending before the Court is Petitioner Tewelde Desta Reda's Emergency Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED** as set forth below.

### I.    BACKGROUND

Petitioner is a citizen of Ethiopia who entered the United States on December 18, 2024. *See* Dkt. Nos. 1-3 at 2; 4-1 at 2. After receiving a positive credible fear determination, he was placed in full removal proceedings. *See* Dkt. No. 4-1 at 2. On October 21, 2025, Petitioner was ordered removed to Ethiopia. *See* Dkt. No. 4-2 at 3. Since that time, Respondents have been unable to effectuate his removal. According to Petitioner, his removal is impossible because he lacks the documents necessary to "prove his Ethiopian citizenship." Dkt. Nos. 1 at 2; 1-3 at 3. Respondents, on the other hand, assert that they have submitted a request for travel documents which, if granted, would permit his prompt removal to Ethiopia. *See* Dkt. No. 4-1 at 3.

### II.    LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context,

"habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

### III.     ANALYSIS

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231(a)(6)). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Here, Petitioner's detention has lasted well over six months. Any presumptive period has therefore expired. And Petitioner has met his initial burden of showing "good reason" to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "Good reason" is a "modest standard." *Mogos v. Thompson*, No. 26-CV-740-JKP, 2026 WL 475079, at *4 (W.D. Tex. Feb. 13, 2026). Petitioner "need not rule out 'any prospect of removal—no matter how unlikely or unforeseeable.'" *Id.* (quoting *Zadvydas*, 533 U.S.

2

at 702). According to Petitioner, he cannot be removed to Ethiopia because he lacks the documents necessary to "prove his Ethiopian citizenship." Dkt. Nos. 1 at 2; 1-3 at 3. Petitioner also identifies his lengthy period of detention without any meaningful progress toward his removal. *See* Dkt. No. 1-3 at 3. He has therefore shown "good reason," and the burden shifts to Respondents to prove that removal is likely. *Zadvydas*, 533 U.S. at 701.

Respondents assert that there is a "high likelihood of removal from the United States to Ethiopia." Dkt. No. 4 at 2. In support thereof, they identify the fact that ICE "has been working diligently to acquire a travel document from the Ethiopian consulate." Dkt. Nos. 4 at 7; 4-1 at 2–3. But "the Government's burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Mont.*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025). That is particularly true when, as here, Petitioner has been subject to a lengthy period of post-removal detention. *Cf. Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

## IV.    CONCLUSION

Because Petitioner's removal is not likely in the reasonably foreseeable future, the Petition (Dkt. No. 1) is **GRANTED**, and Respondents must **RELEASE** him under an OSUP **within 48 hours** of the entry of this Order.

This case is **CLOSED.**

**IT IS SO ORDERED.**

**SIGNED** on July _____, 2026.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE